# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEMO D. WHIRL,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>    Defendant. | Case No. 3:17-cv-01326-JPG-SCW |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Kemo D. Whirl's motion for a temporary restraining order. (Doc. 17.) For the following reasons, the Court **DENIES** Whirl's motion.

## I. BACKGROUND

Kemo D. Whirl is a prisoner at Centralia Correctional Center. Trans Union, LLC ("TransUnion") is a consumer reporting agency. Whirl brought this action against TransUnion alleging that the agency violated the Fair Credit Reporting Act by failing to provide Whirl with a free copy of his annual credit report. *See* 15 U.S.C § 1681g(a)(1).

Today, the Court is faced with a different issue. Whirl has moved for a temporary restraining order to stop TransUnion from "threatening and committing libel and slander against [him]." (Doc. 17.) Whirl has attached an affidavit in support of his motion that explains that he received a letter from TransUnion's attorney that contains "numerous not-so-veiled threats to dismiss his legal action". (Doc. 17-1, ¶ 4.) Whirl believes that he "should not have to bear the annoyance, oppression and burden of the Defendant's threats", and that he is "afraid as to whether he should continue on with his litigation or not." (*Id.* at ¶¶ 7, 8.) Whirl believes that TransUnion is taking advantage of him because he is proceeding *pro se*. (*Id.* at ¶ 6.) He has

1

attached a copy of TransUnion's "threatening" letter to his affidavit, and a further look at this letter reveals that TransUnion has instructed Whirl that they will move for Federal Rule of Civil Procedure 11 sanctions against Whirl if he does not withdraw his complaint. (Doc. 17-1.) Specifically, TransUnion asserts that Whirl has fraudulently altered and/or manufactured documents which he attached to his complaint in this case. The letter also explains why TransUnion believes that Whirl's case will fail on the merits.

## II. LEGAL STANDARDS

Rule 65 of the Federal Rules of Civil Procedure governs when a court may issue a temporary restraining order. The Rule specifies that such an order may only issue if:

> (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(2).

When deciding whether to issue a temporary restraining order, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F.Supp.2d 1076, 1083 (C.D.Ill. 2001). Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) it will likely suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court

must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).

### III. ANALYSIS

In accordance with Rule 65(a), the Court finds that the plaintiff has presented specific facts in support of his motion to the Court in an affidavit. In accordance with Rule 65(b), the Court finds that, by virtue of the CM/ECF system, Defendants have been served notice of the Motion. The Court cannot grant Whirl's request for a temporary restraining order, however, because he has not demonstrated that he will likely suffer irreparable harm if the Court does not grant his request. Although Whirl believes that TransUnion is engaging in "libel and slander" against him, there is no evidence in favor of that argument. "Libel and slander" claims are considered under Illinois defamation law. To state a claim for defamation under Illinois law, the plaintiff must show that "the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 839 (2006) (internal citations omitted).

TransUnion is not engaging in defamation against Whirl because TransUnion did not publish any statements to a third party. Rather, TransUnion sent a private letter to Whirl in the course of this litigation discussing the case and offering what TransUnion believes to be a compromise. While the Court sympathizes with Whirl's lack of training in law and his uncertainty as to whether he should proceed with his case, that is one of the dangers of proceeding as a *pro se* litigant. The Court cannot grant a temporary restraining order against TransUnion simply because they sent an adversarial letter to a *pro se* litigant.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Whirl's motion for a temporary restraining order. (Doc. 17.)

**IT IS SO ORDERED.**

**DATED:  JANUARY 22, 2018**

> **s/ *J. Phil Gilbert***
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**