UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEMO WHIRL,

        Plaintiff,

        v.

TRANS UNION, LLC,

        Defendant.

Case No. 3:17-cv-01326-JPG-SCW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant TransUnion, LLC's motion for judgment on the pleadings. (Doc. 32.) In short, TransUnion asks the Court to grant judgment in their favor because plaintiff Whirl has not—and cannot—allege a violation of the Fair Credit Reporting Act. For the following reasons, the Court **GRANTS** TransUnion's motion.

## I. BACKGROUND

Plaintiff Kemo Whirl is an inmate at Centralia Correctional Center. (Compl. ¶ 2, Doc. 1-3.) He alleges that he sent three letters directly to TransUnion in which he requested a free copy of his credit report, pursuant to the Fair Credit Reporting Act. (*Id.* at ¶ 4–6.) Whirl argues that since TransUnion refused to send him a free copy in response, he is entitled to actual, statutory, and punitive damages. (*Id.* at ¶ 9.) Whirl filed his complaint in Illinois state court, but TransUnion removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, Doc. 1.) This case is but one in a bundle of cases that Illinois state prisoners have recently filed, all with curious similarities between them.

## II. LEGAL STANDARDS

    *i.       Judgment on the Pleadings*

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

      ii.      *The Fair Credit Reporting Act*

The Fair Credit Reporting Act commands that once per year, if a consumer requests a free copy of their credit report, all consumer reporting agencies—such as TransUnion—must provide the free copy to the consumer. 15 U.S.C. § 1681j(a)(1)(A). The consumer must, however, request the copy from the "central source established for such purpose." 15 U.S.C. § 1681j(a)(1)(B). The upshot of the statute's design is that consumers can obtain their free credit reports from *all* of the agencies by making only a single request through the central source, rather than having to contact each agency individually. 12 C.F.R. § 1022.136(a). If a consumer reporting agency fails to comply with the Fair Credit Reporting Act, the statute allows plaintiffs to recover damages from the agency on theories of both willful noncompliance and negligent noncompliance. 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1)(2).

## III.    ANALYSIS

TransUnion has not violated the Fair Credit Reporting Act. This is because Whirl did not request his credit report from the central source, as § 1681j(a)(1)(B) requires. Rather, Whirl sent his requests directly to TransUnion. (Compl. Ex.'s A–C, Doc. 1-3.) Whirl combats this by citing to two more provisions in the statute—§§ 1681j(c)(3) & (f)—but neither provision changes the analysis here. § 1681j(c)(3) allows a consumer to obtain a free credit report if they certify in writing that they have "reason to believe that the file on the consumer at the agency contains inaccurate information due to fraud," but Whirl did not do that here. His second letter states that he wanted to "review [his] credit report/file and score to ensure that [he] has not been a victim of identity theft or fraud; and that everything is accurate therein," and his third letter contains a similar statement, but Whirl never stated that he had reason to believe that the reports contained inaccurate information due to fraud—even though § 1681j(c)(3) commands that the consumer explain as such.[1] (*See* Compl. Ex.'s B–C, Doc. 1-3.) Rather, Whirl's request appears to be a routine one pursuant to § 1681j(a)(1)(A), which requires the use of the centralized source. Finally, Whirl's other cited provision—§ 1681j(f)—does not center on free credit reports and thus is not at issue here.

Accordingly, TransUnion's refusal to disclose Whirl's credit report was the proper application of the statute. Whirl's complaint fails to plead any violation of the Fair Credit Reporting Act—whether his theory is one of willful noncompliance, negligent compliance, or otherwise. And it would be futile for the Court to allow Whirl to amend his complaint because he has already demonstrated through his attached exhibits that he is not entitled to relief.

This case mirrors a case in the Northern District of Illinois, where the Court summed up the issue by stating: "while [the consumer credit agency] might have made greater effort to

---

[1] For further information on how to place a consumer credit fraud alert and request the corresponding § 1681j(c)(3) credit report, s*ee* FEDERAL TRADE COMMISSION, Place a Fraud Alert, https://www.consumer.ftc.gov/articles/0275-place-fraud-alert (last visited May 2, 2018).

accommodate Plaintiff's special circumstances [as a prisoner], the facts do not reflect a violation of any provision of the Fair Credit Reporting Act." *Garland v. Equifax*, *et al*., No. 3:15-cv-50305, ECF No. 104 at 3 (N.D. Ill. Oct. 27, 2017). If prisoners wish to obtain free copies of their credit reports pursuant to the Fair Credit Reporting Act, they are—at this time, at least—bound by the terms of the statute.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** TransUnion's motion for judgment on the pleadings. (Doc. 32.) The Court **DISMISSES** this case with prejudice, **FINDS AS MOOT** any additional pending motions, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  MAY 3, 2018**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**